UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBERA KAY BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO. 3:17-cv-05535-DWC<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Debera Kay Brown, filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for Disabled Widows Benefits ("DWB").[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

---

[1] DWB are benefits paid to the disabled widow or widower of a deceased worker who had earned enough Social Security credits. *See* https://www.benefits.gov/benefits/benefit-details/4386.

Plaintiff argues this matter should be reversed and remanded under sentence six of 42 U.S.C. § 405(g). Dkt. 8. The Court finds Plaintiff has not met the requirements for remand, and the Commissioner's decision is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

On March 6, 2014, Plaintiff protectively filed an application for DWB alleging disability beginning October 1, 2004. Dkt. 7, Administrative Record ("AR") 17. The application was denied upon initial administrative review and on reconsideration. *Id.* A hearing was held on October 5, 2015 before ALJ Kelly Wilson. AR 33-63. In a decision dated February 11, 2016, the ALJ determined Plaintiff to be not disabled. AR 14-32.

Plaintiff sought review by the Appeals Council on April 8, 2016. AR 135-138. On June 10, 2016, Plaintiff submitted Dr. Peter Kwon, M.D.'s May 16, 2016 opinion letter ("Dr. Kwon's letter"). Dkt. 8 Exhibit 1. On March 24, 2017 the Social Security Administration ("Administration") issued Plaintiff a letter, indicating it was changing the rules on May 1, 2017 regarding when the Appeals Council considers whether to review a claimant's case, including when the Administration receives new evidence not considered by the ALJ. Dkt. 8, Exhibit 2. The Administration reasoned that because Plaintiff's case was pending before the new rule became effective, the Administration found Plaintiff showed good cause for not submitting additional evidence earlier. Dkt. 8, Exhibit 2.

On June 5, 2017 Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6, 20 C.F.R. § 404.981. The Appeals Council declined to consider Dr. Kwon's letter, providing:

|   |   |
|---|---|
| 1 | You submitted evidence from Peter Kwon M.D., dated May 16, 2016. We find the evidence does not show a reasonable probability that it would change the outcome |
| 2 | of the decision. We did not consider and exhibit this evidence. |

AR 2.

In the Opening Brief, Plaintiff argues the ALJ erred in failing to consider Dr. Kwon's letter and attaches the letter. Dkt. 8, Exhibit 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff attaches Dr. Kwon's letter to her Opening Brief. Dkt. 8, Exhibit 1. Plaintiff asks the Court to consider this new evidence. *Id*. at 3-11.

At step two, the ALJ determined Plaintiff had a severe impairment of cervicolumbar headaches. AR 20. The ALJ found Plaintiff's medically determinable impairments could possibly cause the alleged symptoms, but Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. AR 23-24. Dr. Kwon's letter states he has treated Plaintiff since 2005, and has been doing Botox injections for her headaches for the past five to six years. Dkt. 8, Exhibit 1. Dr. Kwon reports Plaintiff has been on numerous medications, both for prevention and for an abortive agent for migraine headaches, but Plaintiff still needs Botox injections to keep her headaches on a "more functional level." *Id*. Dr. Kwon opined Plaintiff's headaches can be severe and debilitating in terms of Plaintiff's daily

activities and "gainful employment for her will be literally impossible as it would be hard to predict when she would have these headaches and for how long." *Id.*

If a plaintiff desires the Court to consider "new evidence" that is not part of the record when the plaintiff files the Complaint, the Court shall apply sentence six of 42 U.S.C. § 405(g) to determine if it has jurisdiction to review the new evidence. Sentence Six of 42 U.S.C. § 405(g) authorizes a reviewing court to remand a case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Notably, "[a] claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied. To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) (citing *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985)).

Plaintiff argues the new evidence is material, because it rebuts the ALJ's finding that Plaintiff is not disabled. Dkt. 8 at 3. Plaintiff argues she meets the "good cause" requirement of sentence six because the Administration found so. Dkt. 8 at 4.

The Court also notes, in her Reply, Plaintiff belatedly argues she does not need to show good cause for failing to submit Dr. Kwon's letter because the Appeals Council is a level of administrative review, and sentence six does not mention the ALJ level of administrative proceeding, and only refers to "prior proceedings." 42 U.S.C. § 405(g) (requires a showing of good cause, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."). Dkt. 12 at 4. Plaintiff did not raise this argument in her Opening Brief and arguably has waived

such challenge. *See* Dkt. 8; Dkt. 12. *Thompson v. Commissioner*, 631 F.2d 642, 649 (9th Cir. 1980), *cert. denied*, 452 U.S. 961 (1981) ("appellants cannot raise a new issue for the first time in their reply briefs") (citing *U.S. v. Puchi*, 441 F.2d 697, 703 (9th Cir. 1971), *cert. denied*, 404 U.S. 853 (1971)); *U.S. v. Levy*, 391 F.3d 1327, 1335 (11th Cir. 2004) ("raise the issue in your initial brief or risk procedural bar"). Nevertheless, even if the Court were to consider this argument, other district courts throughout the Ninth Circuit use sentence six remands as the proper vehicle for the Court to review evidence submitted to – but not considered – by the Appeals Council. *See, e.g., Knipe v. Colvin*, 2015 WL 9480026, at *6 n.7 (D. Or. Dec. 29, 2015); *see also Rocha v. Astrue*, 2012 WL 748260, at *4 (D. Ariz. Mar. 7, 2012) ("The Appeals Council stated that they looked at the [new evidence].... The Government is correct, that the Appeals Council did not 'consider' this evidence. Accordingly, this Court considers this evidence under the lens of 42 U.S.C. § 405(g), sentence six.").

Here, even assuming Plaintiff has met the materiality requirement, Plaintiff has not demonstrated good cause. Until January 2017, the Appeals Council did not require a showing of good cause for failing to produce evidence earlier in the administrative process. *See* 81 Fed. Reg. 90987-01, 2016 WL 7242991 (Dec. 16, 2016). Effective January 17, 2017, the Administration added a good cause requirement, including specific criteria in which the Appeals Council will consider additional evidence. 20 C.F.R. § 404.970(b) (citing 20 C.F.R. § 404.935). Here, Plaintiff was met with the circumstance in which her case was pending before the new rule became effective. Dkt. 8, Exhibit 2. As a result, the Administration granted Plaintiff good cause, instead of imposing upon Plaintiff any undue hardship due to the timing of her filing and the issuance of a new rule. Dkt. 8, Exhibit 2.

However, Plaintiff still bears the burden to demonstrate good cause in this Court, pursuant to sentence six. *See* 42 U.S.C. § 405(g). Section 405(g) is a separate and distinct requirement upon review in federal court. *See id.* (A *claimant seeking remand* must show "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added)). Plaintiff has not cited to, nor is the Court aware of, any cases in support of her conclusion – which is that Plaintiff has demonstrated good cause upon seeking remand in federal court *because* the Appeals Council deemed Plaintiff to have good cause due to the circumstance of a changing rule.

Moreover, Plaintiff provides no explanation, and the Court cannot infer, why Dr. Kwon's letter could not have been available earlier, before the ALJ issued her decision. *See* Dkt. 8; Dkt. 11. Instead, Plaintiff obtained and submitted Dr. Kwon's letter three months after the ALJ decided her case on February 11, 2016. AR 14. It appears Plaintiff did so because Dr. Kwon's letter would support her claim that the ALJ erred at step two. Dkt. 8, Exhibit 1 (Dr. Kwon stated he wrote his opinion "to appeal her application for SSA."). Therefore, Plaintiff has not met her burden of showing that the new evidence was unavailable earlier, and therefore, she has not met the requirements of a remand under sentence six of 42 U.S.C. § 405(g). *See Clem,* 894 F.2d 328, 332 (9th Cir. 1990) (citing *Key,* 754 F.2d at 1551) (However, "[a] claimant does not meet the good cause requirement simply by obtaining a more favorable report from an expert witness once his claim is denied ... The claimant must establish good cause for not seeking the expert's opinion prior to the denial of his claim."); *Cherry v. Berryhill,* 2017 WL 750307, at *2 (W.D. Wash. Feb. 27, 2017) (finding plaintiff failed to meet good cause standard where there was no explanation was to why new evidence that was submitted to the Appeals Council was not available earlier); *Vasquez v. Colvin,* 2014 WL 65305, at *7 (D. Ariz. Jan. 8, 2014) (same).

## CONCLUSION

Based on the above stated reasons and the relevant record, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed.

Dated this 3rd day of January, 2018.

/s/ David W. Christel

David W. Christel
United States Magistrate Judge